**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| MERRILL STULKEN and LORY STULKEN d/b/a WARD COVE CONSTRUCTION, ) ) ) Plaintiffs, ) ) vs. ) ) FIRST NATIONAL INSURANCE ) COMPANY OF AMERICA, ) ) Defendant. ) ) | 5:09-cv-00001 JWS<br><br>**ORDER AND OPINION**<br><br>[Re:  Motion at docket 27] |

## I.  MOTION PRESENTED

At docket 27, defendant First National Insurance Company of America ("First National") moves to exclude certain evidence.  Plaintiffs Merrill Stulken and Lory Stulken d/b/a Ward Cove Construction ("Ward Cove") respond at docket 32.  First National replies at docket 37.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

DuRette Construction Co., Inc. ("DuRette") contracted with the United States Forest Service to perform certain work on a federal construction project in Hoonah, Alaska, pursuant to Contract AG-0116-C-07-0065 known as the Hoonah Surfacing Project ("the Job").  Ward Cove was a sub-contractor to DuRette on the Job.  First National issued the payment bond for the Job, Bond No. 6517126 ("the Bond").  DuRette did not pay Ward Cove all that Ward Cove asserts it was entitled to receive for labor, material, and equipment furnished to the Job.  As a result, Ward Cove brought

suit pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.,* against First National to recover on the Bond.

### III. DISCUSSION

In the motion, First National asks the court to exclude evidence in three categories: 1) $33,825 for Ward Cove's lost production time and additional expenses; 2) $2,797 in Ward Cove's workers' compensation insurance costs; and 3) an award of attorneys' fees should Ward Cove prevail at trial. Ward Cove first contends the motion should be denied as an untimely pre-trial motion. However, the motion falls within the exception found in the order at docket 26 which permitted the filing of "motions as to known, difficult evidentiary matters . . . not later than January 28, 2010."[1] The motion at docket 27 was filed on January 12, 2010, so it is timely.

Next, Ward Cove argues the motion should be denied because it "fails to specify what evidence related to damages should be excluded."[2] As noted above, First National provided a three-part taxonomy of the evidence which it seeks to exclude. For purposes of the motion, the court finds this categorization sufficient to support further discussion, although as noted further below the uncertainty surrounding exactly what evidence First National would have the court exclude makes it impossible to rule definitively.

Ward Cove also argues that the request to foreclose an award of attorneys' fees amounts to an attempt to "preclude Ward Cove's ability to file post-trial motions, which is not an evidentiary matter and is procedurally improper."[3] In its reply First National urges that the law is clear and that on the facts here Ward Cove cannot recover attorneys' fees. While that may or may not be true, First National fails to address the argument that its request is not really directed at an evidentiary matter. The court agrees with Ward Cove that the request to foreclose a post-trial motion for attorneys' fees does not address an evidentiary issue. Now is not the time to address the issue of

---

[1] Doc. 26 at pp. 3-4.

[2] Doc. 32 at pp. 1-2.

[3] *Id.* at p. 2.

-2-

attorneys' fees.  The court will deny without prejudice the request in the motion at docket 27 to preclude an award of attorneys' fees.

The court now turns to the portion of the motion which is actually directed at preventing the introduction of evidence at trial.  As the Ninth Circuit has explained, a Miller Act surety's obligation on a payment bond is co-extensive with the obligation of the general contractor, but only to the extent that the obligation is consistent with the Miller Act itself.[4]  The Ninth Circuit has also explained that while a claimant on a Miller Act payment bond may not recover lost profits, the claimant is entitled to recover increased costs resulting from delays in construction.[5]

The first category of evidence First National asks the court to exclude is evidence relating to lost production time and other expenses.  The law is clear: Ward Cove's lost production time and other expenses consisting of Ward Cove's lost profits could not be recovered, but lost production time and other expenses consisting of Ward Cove's out-of-pocket costs caused by delay (which might include "stand-by" time) would be recoverable from the surety.  However, the court is unable to make a ruling on these matters, because the court cannot determine on the record before it whether the evidence Ward Cove might offer would reflect additional costs or would instead reflect lost profits.

Turning to the workers' compensation insurance costs, the same legal principles apply.  Again, the court cannot make a definitive ruling for want of detail.  However, unless the claim is based on workers' compensation expenses relating to some project other than the Job, it seems that these costs would be recoverable.

---

[4]*United States ex rel. Walton Technology, Inc. v. Weststar Engineering, Inc.*, 290 F.3d 1199, 1206 (9th Cir. 2002).

[5]*Mai Steel Service, Inc. V. Blake Const. Co.,* 981 F.2d 414, 418 (9th Cir. 1992).

## IV.  CONCLUSION

For the reasons above, the motion at docket 27 is **DENIED** without prejudice to the resolution of any objections which may be made at trial.

DATED this 16th day of February 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE